**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SODHI SINGH-KAUR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>Respondent. | No. 10-72821<br><br>Agency No. A098-682-601<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014**
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Sodhi Singh-Kaur, a citizen and national of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

("CAT"). Reviewing for substantial evidence the BIA's factual findings in this pre-REAL ID Act case, Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995), including those portions of the IJ's decision that the BIA has reviewed and adopted, Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002), we affirm.

1. At least "one of the identified grounds [for the adverse credibility determination] is supported by substantial evidence and goes to the heart" of Petitioner's claim. Wang v. INS, 352 F.3d 1250, 1259 (9th Cir. 2003). For example, Petitioner's various statements and documentary evidence told different stories about an alleged incident at a temple on June 5, 2003, that led to his arrest in India, and in his Record of Sworn Statement, Petitioner stated that he had never been arrested, which directly contradicted his later testimony about past arrests in India and Costa Rica. The fact and details of Petitioner's arrest in India were central to his claim. We therefore "are bound to accept the IJ's adverse credibility finding," id., which was properly adopted by the BIA, 8 C.F.R. § 1003.1(d)(3)(i). In the absence of credible testimony, nothing in the record compels the conclusion that Petitioner suffered past persecution or has a well-founded fear of future persecution on a protected ground, as required to sustain an asylum claim, 8 C.F.R. § 208.13; or that Petitioner's life or freedom will be threatened if he is removed, as required for withholding of removal, 8 U.S.C. § 1231(b)(3)(A).

2

2. Petitioner's CAT claim depends on the same testimony that was found not credible, <u>Farah v. Ashcroft</u>, 348 F.3d 1153, 1157 (9th Cir. 2003), and nothing else in the record compels the conclusion that Petitioner is more likely than not to be tortured if removed, 8 C.F.R. § 1208.16(c)(2). Substantial evidence therefore also supports the BIA's determination that Petitioner failed to meet his burden to establish a CAT claim. <u>Monjaraz-Munoz v. INS</u>, 327 F.3d 892, 895 (9th Cir. 2003).

**DENIED.**